ARTHUR B. WELLS, Appellee, *vs.* FREDERICK L. WELLS
et al.—(ALBERT E. G. GOODRIDGE, Appellant.)

*Opinion filed October 28, 1910.*

1. LIMITATIONS—*what constitutes color of title.* Any instru-
ment having a grantor and grantee, and containing a description
of the lands intended to be conveyed and apt words for their con-
veyance, constitutes color of title such as is contemplated by sec-
tions 6 and 7 of the Limitation act.

2. SAME—*when right to dower is barred.* The fact that the
only consideration for a quit-claim deed made by children to their
mother is love and affection does not affect the character of the
mother's possession of the land, and if one of the children, whose
husband did not join in the deed, dies while the mother is in pos-
session the Statute of Limitations begins to run against the hus-
band's right to dower, and if no demand is made before the bar of
sections 6 and 7 of the Limitation act is complete said right to
dower is barred. (*Brumback* v. *Brumback,* 198 Ill. 66, explained.)

APPEAL from the Circuit Court of Cook county; the
Hon. CHARLES M. WALKER, Judge, presiding.

F. L. SALISBURY, and M. MARSO, for appellant.

ARTHUR B. WELLS, for himself.

Mr. JUSTICE COOKE delivered the opinion of the court:

Frederick C. Wells died intestate on August 28, 1899,
seized in fee of certain tracts of land, which are referred
to in the bill of complaint herein, after setting out the legal
descriptions thereof, as tracts Nos. 1, 2, 3, 4 and 5. He
left surviving him his widow, Clara L. Wells, and his chil-
dren, Frederick L. Wells, Arthur B. Wells, Walter A.
Wells, Luda Wells and Clara Wells Goodridge, who was
then the wife of Albert E. G. Goodridge, the appellant.
On September 4, 1899, Frederick, who was unmarried;
Arthur and his wife; Walter and his wife; Luda, who
was unmarried, and Mrs. Goodridge, as the heirs-at-law

of Frederick C. Wells, in consideration of love and affection and one dollar, conveyed and quit-claimed unto their mother, Clara L. Wells, all their right, title and interest in and to the estate, real, personal and mixed, of whatsoever kind and nature and wheresoever situate, of which their said father died seized, possessed of or entitled to. Appellant, Albert E. G. Goodridge, did not join in this conveyance. Clara L. Wells took open and exclusive possession of said real estate under this conveyance, (with the exception of tract No. 3, which was vacant and unoccupied,) leased the same, collected the rents and paid all taxes and other assessments against all of said real estate, including tract No. 3, up until the time of her death. Clara Wells Goodridge died intestate May 30, 1901, leaving her surviving said Albert E. G. Goodridge, her husband, and her said mother, brothers and sister, as her only heirs-at-law. Clara L. Wells died testate October 7, 1904, and by her last will and testament devised said tracts Nos. 1, 2, 3, 4 and 5 to her four surviving children in equal, undivided parts. From the time of the death of the said Clara L. Wells until the time of the filing of the bill herein, on August 3, 1909, said tracts Nos. 1, 2, 4 and 5 were in the open, notorious, continuous and exclusive possession of the said Frederick L., Arthur B., Walter A. and Luda, and they paid all the taxes and assessments levied against the premises during that time. After the death of the mother, Clara L. Wells, tract No. 3 remained vacant and unoccupied until just before the filing of the bill herein, when the four surviving children and devisees of Clara L. Wells took possession of the same. Since the death of said Clara L. Wells, and up until the time of the filing of said bill, the said surviving children had paid all the taxes levied and assessed against said tract No. 3. On August 3, 1909, Arthur B. Wells filed his bill in the circuit court of Cook county for the partition of these five tracts, and another tract concerning the title to which there is no dispute, making his two

brothers and his sister and the said Albert E. G. Goodridge parties defendant, alleging that no persons other than himself, his two brothers and his sister had any interest in or title to any part of said premises, and praying for a division and partition of the same between himself, his said two brothers and his sister, Luda. Goodridge answered the bill, setting up that dower had never been assigned or set off to him in that part of said premises of which said Clara Wells Goodridge was seized in her lifetime, and that he had never received any compensation or equivalent therefor, and praying that upon a hearing his dower be assigned and set off to him. Appellant had never made any demand for the assignment of his dower and had never made any attempt to have the same assigned or set off to him prior to the filing of his answer herein. The cause was referred to the master in chancery, who reported that appellant had lost his right to recover dower interest in said premises, found that the said Arthur B. Wells, Frederick L. Wells, Walter A. Wells and Luda Wells were the owners as tenants in common and each entitled to the one-fourth part thereof, subject to a certain trust deed, and recommended that a decree be entered in accordance with the prayer of the bill. Objections and exceptions to the master's report were overruled by the court and a decree was entered in accordance with the findings of the master. Albert E. G. Goodridge has appealed from this decree, and urges as the sole reason why the same should be reversed, that as the conveyance to Clara L. Wells by her five children was a mere voluntary conveyance, and as she was not a purchaser for value, the Statute of Limitations did not run against appellant during her seizin after the death of Mrs. Goodridge, and as the devisees of Clara L. Wells have not been in possession of the premises for seven years the appellant's right to dower has not been barred.

That the remedy to enforce the right of dower falls within sections 6 and 7 of "An act in regard to limita-

tions," approved April 4, 1872, and which are identical with
sections 1 and 2 of the original Limitation act passed in
1839, is not controverted by appellant. His whole conten-
tion is based on the claim that the statute did not begin to
run against his rights until the time of the death of Clara
L. Wells, in 1904. In support of this position he urges
that strangers or purchasers, either from the deceased
owner of the fee or from his heir or heirs, are the only
persons by whom the Statute of Limitations can be inter-
posed as a defense to the enforcement of a dower right,
and contends that as Mrs. Wells was the grantee in a mere
voluntary conveyance, with love and affection, only, for a
consideration, she was not a purchaser, and therefore the
statute did not run during any part of the time she was in
possession of the premises under such deed.

Section 6 of the Limitation act provides that every per-
son in the actual possession of lands or tenements, under
claim and color of title made in good faith, and who shall
for seven successive years continue in such possession, and
shall also, during that time, pay all taxes legally assessed
against the premises, shall be held and adjudged to be the
legal owner of such lands or tenements to the extent and
according to the purport of his paper title, and provides
that all persons holding under such possession, by purchase,
devise or descent, before said seven years shall have ex-
pired, who shall continue such possession and continue to
pay the taxes so as to complete the possession and payment
of taxes for seven years, shall be entitled to the benefit of
the section. Section 7 refers to vacant and unoccupied
lands. By these sections it is only required that one be in
the actual possession under claim and color of title made
in good faith. In this case the question of good faith is
not raised nor is the good faith of the conveyance to Clara
L. Wells in any way challenged. We have frequently held
that any instrument having a grantor and a grantee, and
containing a description of the lands intended to be con-

veyed, and apt words for their conveyance, gives color of title to the lands described. (*Dickenson* v. *Breeden*, 30 Ill. 279; *McCagg* v. *Heacock*, 34 id. 476; *Brooks* v. *Bruyn*, 35 id. 392; *Lewis* v. *Pleasants*, 143 id. 271.) The conveyance to Mrs. Wells by her children complies in every respect with this rule, and was such color of title as is contemplated by sections 6 and 7 of the Limitation act.

Appellant relies almost solely upon the case of *Brumback* v. *Brumback*, 198 Ill. 66. What was there said by the court must be read with express regard to the facts in that case. Nancy Brumback, the widow there entitled to dower, was in the joint possession of the premises with her son Thomas, and, being the owner in fee of an undivided part, was his co-tenant. Thomas conveyed his undivided interest to his wife and died shortly thereafter. Nancy and the widow of Thomas continued in the joint possession and remained co-tenants for more than seven years, when Nancy brought suit to have her dower set off and assigned to her. The widow of Thomas interposed the Statute of Limitations as a defense, and under the facts we held that Nancy Brumback was entitled to have her dower set off to her in the premises and that the Statute of Limitations had not run against her. Appellant relies upon the language in the *Brumback case* which states that the widow of Thomas was not a stranger or purchaser and that the deed made to her by her husband in March, 1893, was without consideration, naming only a nominal consideration of one dollar, and that she was a mere volunteer. That statement was not in reference to any issue involved and was not necessary in the decision of that case. The widow of Thomas Brumback was never in the exclusive possession of the premises. She was not only a joint tenant with Nancy Brumback, but was in the actual joint possession of the premises with her. It was immaterial whether the consideration in the deed from Thomas Brumback to his wife was a good or a valuable consideration—whether it was

adequate or inadequate. Never having been in the exclusive and adverse possession of the premises, the widow of Thomas could not avail herself of the Statute of Limitations as a bar to the claim of Nancy Brumback.

We are of the opinion that the Statute of Limitations began to run against the right of dower of appellant at the time of the death of his wife, in 1901, and that never having made demand that dower be set off to him, his right to recover dower is now barred. *Owen* v. *Peacock,* 38 Ill. 33.

The decree of the circuit court is affirmed.

*Decree affirmed.*