Joe Kaminskas et al., Appellants, v. Frank Cepauskis et al., Appellees.

Gen. No. 39,678.

Opinion filed January 10, 1938.

GEORGE GILLETTE, CHARLES F. GRIMES and FRED J. WOODMAN, all of Chicago, for appellants.

OLIS VASALLE & LAPINSKAS, of Chicago, for appellee Anna Cepauskis.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal from a portion of a decree in foreclosure proceedings finding that the rights of plaintiffs are subject to the dower right of Anna Cepauskis, widow of defendant Frank Cepauskis.

By their amended complaint plaintiffs, as the holders of notes aggregating $10,000 secured by trust deed dated December 2, 1929, sought to be subrogated to the rights of the holder of a prior first mortgage for $10,000 and to foreclose the lien of their trust deed. The right to subrogation is contested by Anna Cepauskis, who claims that she was married to Frank Cepauskis in 1895, and did not join in the trust deed of plaintiffs, which was executed by Frank Cepauskis as a bachelor.

The cause was referred to a master who heard evidence and reported, finding that plaintiffs have a lien prior to the dower right; the court sustained exceptions to this part of the report and entered a decree foreclosing plaintiffs' trust deed, subject to the dower right.

Plaintiffs say that their trust deed and notes were executed and delivered to take the place of the prior mortgage of $10,000; that when the new refunding mortgage was made Frank Cepauskis represented himself as a bachelor and that no claim of any dower interest was made until shortly prior to the filing of the complaint for foreclosure on May 19, 1932; that under such circumstances the doctrine of conventional subrogation should be applied, treating the transaction as an equitable assignment to plaintiffs of the old mortgage, which was admittedly superior to the dower right of the wife. Defendants seem to argue that the Illinois Dower Act, Ill. Rev. Stat. 1937, ch. 41, § 1 *et seq.*; Jones Ill. Stats. Ann. 41.01 *et seq.*, so firmly establishes the right of dower that it is not subject to equitable principles.

The evidence discloses that in December, 1924, William and Katherine Guzmann owned property described as "The North 274.6 feet of that part of the NW¼ of the NE¼ of Sec. 34–42–11, lying west of the center line of Rand Road in Cook County, Illinois." On this they placed a $10,000 first mortgage in the form of a trust deed. In December, 1928, the Guzmanns conveyed this property to Frank Cepauskis, subject to this first mortgage and also a second mortgage which Cepauskis assumed. (We shall consider this second mortgage in another appeal.) Shortly before the first mortgage matured, by extension, in December, 1929, the owner of it delivered the note and trust deed to her attorney, Samuel Petersen, for collection. Mr. Petersen notified Mr. Cepauskis that his client demanded payment. Cepauskis then applied to Justin Mackiewich, a mortgage broker he had known for some time, for a refinancing first mortgage loan to replace the existing first mortgage. December 23, 1929, Mackiewich delivered a check for $10,000 to Petersen, who deposited the check to his account and later paid its proceeds to his client, the owner of the first mortgage. No part of this refinancing loan was paid to Cepauskis. The old first mortgage notes were canceled and the trust deed securing them released. As security for the new loan Cepauskis executed and delivered to Mackiewich eight notes aggregating $10,000 and a trust deed in which Cepauskis was described as a bachelor; the trust deed conveyed the same premises as the old trust deed and in addition 87 feet adjoining on the south. Cepauskis had acquired title to this additional frontage shortly before he made the new first mortgage loan.

Plaintiffs severally purchased from Mackiewich the notes secured by this trust deed; default was made in certain interest payments and plaintiffs elected to declare the entire $10,000 indebtedness due and filed their complaint.

An affidavit made by the consul for Lithuania was filed for record in March, 1932, setting forth the claim of Anna Cepauskis, as the wife of Frank, and her claim of an inchoate dower interest. in the premises above described superior to plaintiffs' lien. She was made a party defendant. Plaintiffs' amended complaint asserted their right to be subrogated to the lien of the old first mortgage as to the premises described in that trust deed. They claim no right of subrogation as to the south 87 feet of the premises conveyed in their trust deed and concede that the dower right of Anna Cepauskis in this 87 feet is superior to plaintiffs' lien. Frank Cepauskis died in March, 1933.

In *Home Sav. Bank v. Bierstadt,* 168 Ill. 618, 623 ,the court distinguished between what is termed a legal subrogation, which springs from the mere fact of payment of a debt, and a "conventional subrogation, which results from an equitable right springing from an express agreement with the debtor, by which one advances money to pay a claim for the security of which there exists a lien, by which agreement he is to have an equal lien to that paid off, whereupon he is entitled to the benefit of the security which he has satisfied with the expectation of receiving an equal lien." This subject has also been considered in *Central Trust Co. v. Calumet Co.,* 260 Ill. App. 410, 424, and *Brost v. Juul,* 266 Ill. App. 423, 433.

Plaintiffs convincingly argue that they occupy the same position in equity as if they had received an assignment of the old first mortgage. If the owner of the old mortgage had extended the time of payment there would be no basis whatever for any claim of dower as superior to the lien of that mortgage. Also, if Mackiewich had purchased and taken an assignment of the old mortgage he could have extended the time of payment, and again there would have been no basis for the claim of dower superior to that mortgage. The

entire proceeds of the loan made by Mackiewich were used to take up the old mortgage. No part of the money went to Cepauskis personally.

The facts in *Tyrrell v. Ward*, 102 Ill. 29, 37, are somewhat similar to those now before us. A Mr. Bayard had advanced money upon certain mortgage loans made to pay off prior mortgages; a judgment creditor claimed a prior lien to the Bayard mortgages. The court held that Bayard was subrogated to all the rights of the prior lien holders; that equity must treat the transaction as an assignment to him of the prior mortgages ''as fully so as had a formal assignment been made and endorsed on the papers evidencing these debts and liens. This, every consideration of justice and good conscience demands. It would be highly inequitable and unjust to defeat the intention of the parties, and visit so heavy a loss on Bayard, when he advanced the money expressly to remove these prior liens and perfect his own. Justice and authority not only sanction, but demand, that Bayard should be subrogated to all of their rights.'' To the same effect are *Smith v. Dinsmore*, 119 Ill. 656, 664; *Martin v. Hickenlooper*, 59 P. (2d) 1139; *Wallace v. Benner*, 200 N. C. 124.

Counsel for Anna Cepauskis have cited many cases involving different circumstances than those here present, and other types of subrogation. The case of *Cox v. Garst*, 105 Ill. 342, which defendant seems to stress, involved the sale of an equity of redemption which had descended to heirs subject to a dower right. The court properly held that the administrator's sale should be subject to the widow's dower. Other cases cited by defendant can be distinguished.

Defendants' position seems to be that a dower right is immune from the application of the principle of conventional subrogation. Anna Cepauskis lives in Lithuania; she has never been in this county; the last time

she saw Frank Cepauskis was 28 years before he made the instant mortgage. It is a fair inference that if she had been living here with her husband in December, 1929, she would either have joined in the refinancing mortgage, thus waiving her dower, or would have had this right defeated by a foreclosure of the old first mortgage. On the other hand, the plaintiffs have purchased for cash the notes in question and are attempting to collect this by a sale of the security.

Moreover, it may be said that in many cases in this State it has been held that dower is no more favored than any other property right. It may be barred by estoppel. *Heisen v. Heisen,* 145 Ill. 658, 666; also by limitations, *Owen v. Peacock,* 38 Ill. 33, 36; *Wells v. Wells,* 246 Ill. 469, 474; also by laches, *Bigoness v. Hibbard,* 267 Ill. 301. Dower does not attach to improvements made by the husband's grantee, *Summers v. Babb,* 13 Ill. 483; *Gridley v. Wood,* 344 Ill. 153, 159–160. These last two decisions hold that this would work no injustice to the wife as she has no just claim to the enhanced value of the land. Plaintiffs say that application of this principle will work no injustice to Anna.

Defendants cite sec. 16 of the Dower Act, ch. 41, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 41.16, as stating a rule of public policy that the right of dower can never be defeated. Defendants misconceive plaintiffs' position. There is no attempt to defeat her right to dower. Only a question of priority is involved. Plaintiffs ask only to confine defendant's right of dower to the interest her husband had in the property, namely, the equity of redemption.

Justin Mackiewich was not a volunteer, merely paying a prior mortgage. Cases cited by defendants involving such facts are not in point. Here there was an agreement that Mackiewich should have a lien equal to that of the old first mortgage, and under the cases above cited this is adequate to meet the requirements of conventional subrogation.

Defendants' counsel argue earnestly that when Mackiewich made the loan in question he knew of the dower claimed by Anna Cepauskis, and it is asserted that his conduct was a deliberate attempt fraudulently to cut off her dower right. The theory is hardly probable. No experienced man, as Mackiewich was—a mortgage broker accustomed to making loans—would have advanced a substantial sum of money, like $10,000, knowing that there was a superior claim of dower. Without discussing the point in detail, the evidence did not show that Mackiewich knew that at the time Frank Cepauskis executed the trust deed and notes he was a married man and that his description of himself as a bachelor was untrue.

Moreover, the question as to Mackiewich's knowledge that Frank Cepauskis was married was an issue of fact in the trial court. One of the objections made by defendants to the master's report was that the master had not found that Mackiewich knew of the rights of Anna Cepauskis before he loaned any money; the master overruled this objection and it was ordered to stand as an exception, and the chancellor overruled this exception and no cross appeal has been taken by Anna Cepauskis from the court's ruling. *Marks v. Pope,* 289 Ill. App. 558, 574. It might be remarked that Anna Cepauskis was not prejudiced by the particular form of the transaction of refunding the old mortgage, and it is a reasonable proposition, although we do not decide the point, that any knowledge that Mackiewich had of any dower claim is immaterial so far as the right to conventional subrogation is concerned.

The master found that the rights of the plaintiffs as to the north 274.6 feet of the premises are subrogated to the rights of the holder of the old first mortgage for $10,000 and is superior to the right of the defendant Anna Cepauskis; also that plaintiffs have a lien upon the south 87 feet of the premises, but this lien is subject to the dower right of Anna Cepauskis. The de-

cree is reversed and the cause is remanded with directions to enter a decree in accordance with the report and recommendation of the master in chancery.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.