(No. 34891.—)

Oscar W. Bergesen, Admr., *et al.*, Appellants, *vs.* Otto Clauss *et al.*, Appellees.

*Opinion filed November 26, 1958—Rehearing denied Jan. 22, 1959.*

FREDERICK J. BERTRAM, and JOHN E. ERICKSON, both of Chicago, for appellants.

HENRY WILLIAM LESCHER, CHARLES F. GRIMES, and WILLIAM B. GARRETT, all of Chicago, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Appellants, hereinafter referred to as plaintiffs, brought an action in the superior court of Cook County to have a certain deed declared a forgery and removed as a cloud upon the title to certain real estate. The original plaintiff died during the pendency of the lower court proceedings and his heirs, as well as the administrator of his estate, were substituted as parties plaintiff.

The defendants are the grantees in the deed alleged to be forged.

The proceedings below were concluded by the allowance of a motion of the defendants for summary judgment. The facts, for purposes of this opinion, are based on the allegations of the pleadings and upon factual information submitted by affidavits in support of the motion for summary judgment.

The complaint alleged that plaintiffs were the owners of an undivided one-half interest in certain real estate, the same having been acquired by the original plaintiff, by warranty deed dated April 27, 1926. Further, it was alleged that on December 4, 1936, a deed, regular in form, was recorded purporting to convey the premises to the defend-

ants. This deed is alleged to have been forged. It is further contended that the deed was never delivered by the owners of the property and that the acknowledgment was false, fraudulent and void.

The complaint alleges that the original plaintiff had no knowledge of the recording of this deed until 1954, at which time an affidavit was filed for record alleging the forgery, and thereafter, in 1957, this action was instituted to remove the deed as a cloud upon the title of the original plaintiff. The complaint in this proceeding is verified by the affidavit of the original plaintiff.

The answer denies the material allegations of the complaint and, as a separate defense, alleges the delivery of the deed in question to the defendants in 1936; the payment of a valuable consideration as the purchase price for the property involved, part of which was used to pay an existing indebtedness of the original plaintiff that then existed as an encumbrance on the premises. The separate defense further details the purchase of the premises through a real estate agent, the closing of the transaction at the Chicago Title and Trust Company, the latter serving as escrow agent, and the representation of the sellers, one of whom was the original plaintiff, by a reputable attorney who took the acknowledgment on the deed alleged to have been forged. The real estate agent and attorney are now deceased.

Thereafter, according to the verified answer, the defendants entered into possession, made improvements, paid taxes and special assessments, and remained in possession from 1937 down to the present litigation.

A reply filed by the original plaintiff was in substance a denial of the special defenses urged in the answer.

The defendants thereafter filed their motion for summary judgment, urging that any interest that the plaintiffs ever have had in the premises was now barred by reason

of sections 6 and 7 of "An Act in regard to limitations." Ill. Rev. Stat. 1955, chap. 83, pars. 6 and 7.

The motion for summary judgment was supported by the affidavit of one of the defendant grantees detailing the substance of the matters set forth as separate defenses in the answer, concluding with the assertion that the grantees in the disputed deed obtained the deed in good faith, accepted it in good faith, and were never apprised of any irregularity until the present claim was advanced. Other affidavits not here material were filed in further support of the motion.

In response to this motion and the affidavits thereto attached, the original plaintiff filed an unverified answer. Some six months after this answer was filed, during which period the original plaintiff died, the answer was, by leave of court, verified by counsel. This so-called answer to the motion sought to urge pleading defects alleged to exist in the motion for summary judgment and to deny the application of sections 6 and 7 of the Limitations Act to the factual circumstances in this case, and to join issue on the question of acquisition of title under the indicated sections of the Limitations Act.

The lower court granted the motion for summary judgment and dismissed the action. This appeal is from that order of dismissal, and this court has jurisdiction of the appeal in that a freehold is involved.

In our consideration of this case we have not considered the pleading designated as an answer to the motion for summary judgment for the reason that it does not show that it is made on the personal knowledge of the affiant, and it fails to affirmatively show that the affiant, if sworn as a witness, could testify competently thereto. Consequently, the answer fails to meet the requirements of Rule 15 of this court specifying the nature of affidavits in support of or in opposition to motions for summary judgments.

Thus, on review, we must take as true the well-pleaded allegations of the complaint and as uncontradicted the factual material set forth in the motion. In so doing, we have only to consider whether a forged deed, accepted by the named grantee for a valuable consideration and in the *bona fide* belief that it was regular in all respects, is a sufficient "color of title" as to bring into operation section 6 of the Limitations Act.

The question for determination here has not been specifically passed upon by this court.

Section 6 of the Limitations Act (Ill. Rev. Stat. 1955, chap. 83, par. 6) provides that every person "in the actual possession of lands or tenements, under claim and color of title, made in good faith, and who shall for seven successive years, continue in such possession, and shall also, during said time, pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title."

The undisputed facts here show that the defendants were in actual possession for considerably more than seven successive years and that they paid the taxes. Indeed, we need only ascertain whether they were in possession "under claim and color of title, made in good faith."

While the parties are in agreement that a forged deed passes no title and is in law inoperative and a nullity, the parties disagree as to whether or not a forged deed may be the foundation of a *bona fide* claim of right and color of title. Under section 6 of the Limitations Act, the claim must be based on color of title and made in good faith.

Color of title is not a claim of ownership that is defective for some technical reason, nor is it meant to be something just short of absolute title. Rather, color of title is an instrument or a record that in fact does not convey title but appears to have the effect of a convey-

ance. Color of title, then, need not be an imperfect title of a sort that could, without aider, ripen into absolute title. Color of title need only show some evidence of claimed ownership by the grantee. It need be only some semblance of title, however invalid may be that claim. *Branch* v. *Lee,* 373 Ill. 333; *McCagg* v. *Heacock,* 34 Ill. 476; *Hardin* v. *Gouveneur,* 69 Ill. 140.

In the last cited case, this court held that a deed, regular in form but otherwise defective, was sufficient to constitute color of title, and quoted with approval the earlier decision of *Dickenson* v. *Breeden,* 30 Ill. 279, 326, as follows: "The current of the decisions of this court is, that color of title made in good faith, is shown by any deed or instrument in writing which purports on its face to convey title, which a party is willing to, and does pay his money for, apart from any fraud, and pays all the public taxes assessed upon the land so conveyed. The deed itself purports good faith, unless facts and circumstances attending its execution, show the party accepting the deed had no faith or confidence in it." Thus, we have held that any instrument having a grantor, a grantee, a description of the land and words of conveyance is sufficient to give color of title of the land to the grantee. (*Wells* v. *Wells,* 246 Ill. 469.) A forged deed, when taken in good faith, may constitute color of title if, at the time of the purchase of the deed, the grantee believed it to be genuine. (*Stamper* v. *Griffin,* 20 Ga. 312.) In volume 78, Amer. State Reports, beginning at page 701, is to be found an excellent discussion of what constitutes color of title, and it is there indicated that a forged deed which is believed to be genuine is sufficient as the foundation of a *bona fide* claim of right and color of title.

On the basis of the record before us, it is clear that the defendants were in actual possession of the premises for considerably longer than the years required by the Limitations Act, that they made substantial improvements on

the premises, paid the taxes, and otherwise manifested their claimed ownership, all under claim and color of title. It remains for examination whether or not their claim and color of title were made in good faith.

This record is devoid of any intimation that the defendants knew or should have known that the writing here involved was, in fact, a forgery, and while good faith is an essential element in this proceeding, the good faith referred to requires that the claimant should have a *bona fide* belief that he is the real owner. Thus, in *Hardin* v. *Gouveneur*, 69 Ill. 140, 144, we said: "The good or bad faith is not a result of color of claim. The faith, whether good or bad, depends upon the purpose with which the deed is obtained, and the reliance placed upon the claim and the color. A party receiving color of title, knowing it to be worthless, or in fraud of the owner's rights, although he holds the color and asserts the claim, can not render it availing, because of the want of good faith. But when a person buys and pays his money for color of title, pays taxes and acts with the property as persons do who are the owners, the presumption arises, until rebutted, that he has purchased and holds in good faith."

The plaintiffs here attempt to confuse a claim made in good faith with a claim based on a perfect title. There is an attempt here to equate the acquisition of title through a forged deed with acquiring title by possession, and payment of taxes, all under claim of title made in good faith, as provided in the Limitations Act. The operation of the Limitations Act is such as to allow a claim of title made in good faith to ripen into title by reason of the act and not by reason of any improvement in the paper title on which the claim rests. Thus, a forged deed cannot itself ever be anything but a forged deed. It cannot ever convey title. It can, however, as a color of title, constitute one step needed as a condition precedent for the acquisition of

title by reason of the operation of section 6 of the Limitations Act—a result that cannot be reached by a forged deed alone.

Since we have concluded on the facts of this case that the deed, though forged, constitutes color of title, and that the deed was acquired by the grantee without knowledge of the forgery, and that the grantees' claim of ownership under the deed was made in good faith, and since it is uncontradicted that possession, payment of taxes, and all other requirements of the Limitations Act have been more than complied with by the defendants, it follows that the motion for summary judgment properly established that the claim of the plaintiffs in and to the premises was barred by reason of that act. The superior court of Cook County correctly allowed the motion for summary judgment, and the decision of the chancellor, accordingly, is affirmed.

*Decree affirmed.*